PER CURIAM:
This claim was originally styled incorrectly, and the Court, on its own motion, amended the style of the claim to reflect the Department of Highways as the proper party respondent.
*126 On July 27, 1987, at approximately 1:00 p.m., claimant was travelling north on I-79 at Exit 79 when his 1984 Chrysler Fifth Avenue struck a piece of angle iron in the road. The claimant was travelling 55-60 miles per hour. As a result of the mishap, a tire on the vehicle was replaced in the amount of $65.57.
Claimant testified that he was travelling in the left land passing another vehicle at the time of this accident. He attempted to straddle the piece of angle iron, but it punctured the vehicle's left, rear tire. He stated that it had been six months since he had driven this route prior to the accident.
Claimant's son, David Cunningham, was in the vehicle following claimant's vehicle. He testified that he observed his father's vehicle strike an object in the road. He stated that the object appeared to be a piece of iron measuring approximately eight feet in length. He could not say how long the object had been in the road.
Elmer Wine, Interstate Supervisor of 1-79 for respondent, testified that on July 27, 1987, his crews would have travelled this portion of 1-79 about 8:00 a.m. He stated that he would have travelled the area between 9:00 and 10:00 a.m. He received no phone calls concerning the presence of the angle iron on the highway prior to this accident.
The State is neither an insurer nor a guarantor of the safety of motorists on the highways. Adkins vs. Sims, 130 W.Va. 645, S.E.2d 81 (1947). In order for the respondent to be found liable for the damages incurred, proof of notice, either actual or constructive, of the hazard in question must be shown. As the claimant presented no such evidence, the claim must be denied.
Claim disallowed.